JUDGE SWEET

13 CIV 7614

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BASIL TWEDDY,

                     Plaintiff,                     COMPLAINT

        -against-                         Jury Trial Demand

THE CITY OF NEW YORK, ROMAN NAVARRO,
(shield 13019), JOHN AND JANE DOES, ET AL.,


                     Defendants.
-----------------------------------------------------------x

        Basil Tweddy ("Plaintiff") by his attorneys, PAWAR LAW GROUP, P.C.,

as and for his Complaint against Defendants, THE CITY OF NEW YORK ("City") and

CITY OF NEW YORK POLICE DEPARTMENT ("NYPD") (collectively

"Defendants"), NAVARRO, respectfully alleges, upon information and belief, as

follows:


## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for injunctive relief, compensatory damages,

punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988

for violations of his civil rights, as secured by statutes and the Constitution of the United

States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1367 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to his lawsuit against the City for his state law claims.

## PARTIES

7.      Plaintiff is an African-American male and a resident of the County of Bronx and State of New York.

8.      Defendant THE CITY OF NEW YORK (hereinafter referred to as "THE CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of being sued in this court.

9.      At all times hereinafter mentioned the defendant NEW YORK CITY

POLICE DEPARTMENT (hereinafter referred to as "NYPD") was and still is a subdivision

10.    Defendants Navarro and John and Jane Does are individuals employed by the CITY and NYPD and who work/worked at the 44th precinct.

11.    At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law and are sued in their individual, official and supervisory capacities.

## FACTUAL BACKGROUND

12.    Plaintiff resides at 1150 Grand Concourse, Bronx, New York.

13.    On April 3, 2012, plaintiff was hanging out with his friends outside a bodega.

14.    Plaintiff and his friends had gathered there at approximately 5 p.m. to meet and go to plaintiff's god-daughter's birthday party.

15.    Around that time, plaintiff and his friend observed a marked NYPD car going back and forth in front of the bodega.

16.    At one point defendant Navarro told plaintiff and his friends to leave the area or they will arrest them.

17.    Plaintiff and his friend protested that they were just standing and not bothering anyone.

18.    At that point, Navarro and his partner went inside the bodega and asked the owner whether plaintiff and his friends were bothering his bodega.

19.    The bodega owner Francisco told the officers that plaintiff and his friends were from the neighborhood and were not bothering him, his customers or his bodega.

20.    Frustrated by the owner's remarks, Navarro and his partner came outside and told plaintiff and his friends that if they did not leave in 10 minutes, they will all be arrested.

21.    Terrified by these threats, plaintiff and his friends left and went to plaintiff's apartment at 1150 Grand Concourse.

22.    After being inside his apartment for approximately 30 minutes, plaintiff heard loud banging on his apartment door.

23.    Plaintiff could not see through the peep hole because the individuals banging on his door had blocked the peep hole with their hands.

24.    Plaintiff's nieces were inside the apartment and started to cry hysterically from all the noise, so plaintiff decided to open the door.

25.    As soon as the apartment door was open, approximately 10 police officers in SWAT gears and tasers pointed came inside the apartment and grabbed plaintiff and his friends outside into the hallway.

26.    When plaintiff and his friends inquired what they were being arrested for, they were told "don't worry, we'll figure something out."

27.    Plaintiff and his friends were then taken to the 44th precinct and processed.

28.    Plaintiff spent approximately 36 hours in custody until he was let go from central booking without any charges lodged against him at the time.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Excessive use of force/Unlawful Entry-Fourth Amendment)

29.    Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

30.    There was no probable cause for the arrest or the continued incarceration

of Plaintiff or the excessive use of force in arresting him, and as such the Defendants'

acts resulted in violations of Plaintiff's constitutional rights under the Fourth and

Fourteenth Amendments.

31.     In addition, defendants had no reason for the warrantless entry into the

plaintiff's home and no reason to frighten and threaten the occupants of the apartment.

32.     As a result of the aforementioned conduct of Defendants, Plaintiff's

constitutional right to be free from unreasonable seizure, unreasonable search and free

from unwarranted government intrusion was violated and he sustained physical,

economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under14[th] Amendment-Due Process and Malicious Prosecution)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation in the

foregoing paragraphs with the same force and effect as if fully set forth herein.

34.     The Defendants' conduct herein was an abuse of executive power so

clearly unjustified by any legitimate objective of law enforcement as to be barred by the

Fourteenth Amendment.    The actions by Defendants deprived the substantive and

procedural due process afforded to Plaintiff and was in violation of Plaintiff's

constitutional rights under the Fourth and Fourteenth Amendments.

35.     Defendants brought trumped up charges against plaintiff that even the

ADA recognized the invalidity of the charges and dismissed them.

36.     As a result of the foregoing, Plaintiff was deprived of his liberty and

property interests and right to procedural and substantive due process, causing economic

and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights under the First Amendment)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

38.     Plaintiff had a First Amendment right to be free and secure inside his apartment.

39.     However, defendants violated that right by entering his apartment without a warrant and threatened and frightened the occupants.  In addition, defendants violated plaintiff's right for standing outside a bodega in a peaceful manner.

40.     As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42.     Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

43.     As a result of defendants' conduct, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime.   In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

47.     In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.   These arrests were done simply to generate numbers at COMPSTAT and to justify the rise in crime in any particular neighborhood.   The NYPD regularly engages in these types of practices to justify overtime and number of arrests.   The NYPD regularly engages in these types of practices to justify overtime, and number of arrests of minorities as reported in recent decisions in the SDNY that the NYPD has a policy and practice of unlawfully arresting minorities.

48.     As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Section 1981)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51.     Defendants targeted Plaintiff and discriminated against him by falsely accusing him of a crime because of his race and color and caused deprivation of his constitutional rights.  Defendants nevertheless arrested them knowing that he had committed no crime and this was shown when he was released after more than 36 hours.

52.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Conspiracy under §1985)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

54.     Defendants targeted Plaintiff and his friends and conspired with one another to justify their overtime and to show to the NYPD brass that they were making arrests and meeting quotas. When defendants could not find any evidence of criminal activity against the plaintiff, they conspired with each other to fabricate evidence and bring trumped up charges against the plaintiff.

55.     Plaintiff suffered serious and permanent physical and emotional injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "55" with the same force and effect as if fully set forth

herein.

57.     Defendants actions and conduct denied plaintiff the right to a fair trial and hearing

and prolonged his unlawful seizure and him being maliciously prosecuted.

58.     As a result of this, plaintiff was injured.

### State Claims

### AS AND FOR A NINETH CAUSE OF ACTION
(Assault and battery)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation in the

foregoing paragraphs with the same force and effect as if fully set forth herein.

60.     The Defendant officers were working within the scope of their authority when

they committed the actions described above, and thereby assaulted and battered the

plaintiff.

61.     The assault and battery aforesaid were without probable cause.

62.     The Defendant officers were working within the scope of their employment when

they committed the actions described above generally and specifically those actions

delineated above, and thereby assaulted and battered the Plaintiff.

63.     The Defendant officers were careless, reckless and negligent in that they failed to

consider evidence presented by Plaintiff and did not stop or restrain their fellow officers

from assaulting the Plaintiff.

64.     As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

66.     Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

68.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A TWELVTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

70.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

72.     Plaintiff were unlawfully confined, were aware of their confinement and the confinement was not privileged.

73.     As a result of defendants' conduct, Plaintiff have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

75.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

77.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

78.     The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to Plaintiff.

78.     As a result of the aforementioned conduct, Plaintiff suffered severe emotional

distress, physical and mental injury, together with embarrassment, humiliation, shock,

fright, and loss of freedom.

79.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation in the

foregoing paragraphs with the same force and effect as if fully set forth herein.

81.     Defendants acted with malice when they arrested plaintiff for no reason and

without any probable cause.

82.     Defendants abused the criminal process to violate the Plaintiff's civil rights

knowing full well that he would have to endure the stigma of his arrest even after the

arrest was voided.

83.     As a result of defendants' actions, Plaintiff suffered injuries.


DATED:          October 28, 2013
                New York, New York 10007


                                        Pawar Law Group P.C.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007

                        By:

                                        Robert Blossner (RB0526)
                                        Vik Pawar (VP9101)